UNITED STATES of America, Plaintiff—Appellee,

v.

**Jesus Alfonso DELGADO, Defendant— Appellant.**

No. 04–50190.

D.C. No. CR–03–00422–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided June 20, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Steve Miller, Asst. U.S. Atty., U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Kasha Pollreisz, Federal Public Defender, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before B. FLETCHER, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Jesus Alfonso Delgado ("Delgado"), convicted of possession of marijuana with intent to distribute, appeals the denial of his motion to suppress the evidence against him. Delgado argues that the border patrol agent who stopped his truck lacked reasonable suspicion to do so. Delgado also attacks his sentence under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm the conviction and grant a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).[1]

■ Border Patrol Agent Olivas (and by association, Agent Diaz) had reasonable suspicion to stop Delgado. Olivas saw Delgado's truck, driving in tandem with another vehicle, stop so the driver could let some air out of the tires and attach antenna flags to the truck, drive out onto the sand dunes just miles from the international border in an area known for smuggling activity, and return thirty minutes later with a black tarp over the originally-empty truck bed. Delgado points out that any of these factors—the presence of a tarp, tan-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Delgado also argues that the statute under which he was convicted, 21 U.S.C. § 841, is facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. He raises this claim solely to preserve the argument on appeal; as he acknowledges, the claim is foreclosed by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc).

dem driving, the length of time on the dunes, the high crime area, and the proximity to the border—is capable of innocent explanation and should not, standing alone, create reasonable suspicion. But the Supreme Court has specifically rejected this type of "divide-and-conquer" approach, *United States v. Arvizu,* 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), and we have recognized that "[i]ndividual factors that may appear innocent in isolation may constitute suspicious behavior when aggregated together," *United States v. Diaz–Juarez,* 299 F.3d 1138, 1141 (9th Cir.2002). A tarp may be used to cover many things, innocuous as well as illegal, but the likelihood that it is concealing contraband increases dramatically when it covers a previously-empty bed of a truck that has just returned from sand dunes abutting the unfenced international border. "A determination that reasonable suspicion exists ... need not rule out the possibility of innocent conduct." *Arvizu,* 534 U.S. at 277, 122 S.Ct. 744. We affirm the denial of Delgado's suppression motion.

When the district court sentenced Delgado, the court treated the U.S. Sentencing Guidelines as mandatory, which in the wake of *Booker* they are not. 125 S.Ct. at 756–57. In *United States v. Ameline,* we indicated that defendants could seek resentencing under these circumstances, *see* 409 F.3d at 1084–85, and Delgado's counsel indicated at oral argument that her client wishes to pursue this option. Because Delgado did not raise the objection below, we review for plain error. *Id.* at 1077–78. Because it cannot be determined whether the district court would have imposed a different sentence under an advisory-guideline regime, we remand

in accordance with *United States v. Ameline* so that the district court may answer this question and, if necessary, resentence Delgado in a manner consistent with *Booker* and *Ameline. See id.* at 1084–85.

**AFFIRMED IN PART; REMANDED.**